IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil No. 07-802-JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATION/ |
| | ) | ORDER |
| KRISSY MATTSON and MULTNOMAH COUNTY, | ) ) | |
| | ) | |
| Defendants. | ) | |

    Lynn S. Walsh
    209 S.W. Oak Street, Suite 400
    Portland, OR 97204
        Attorneys for Plaintiff

    Agnes Sowle
    Multnomah County Attorney
    Carlo Calandriello
    Assistant County Attorney
    501 S.E. Hawthorne Blvd., Suite 500
    Portland, OR 97214
        Attorneys for Defendant

JELDERKS, Magistrate Judge:

1 - FINDINGS AND RECOMMENDATION/ORDER

Plaintiff John Doe brings this action pursuant to 42 U.S.C. § 1983 against defendants Krissy Mattson and Multnomah County.

Defendants' unopposed motion to dismiss for failure to prosecute and plaintiff's counsel's unopposed motion to withdraw are pending.  I grant counsel's motion to withdraw, and recommend granting defendants' motion to dismiss.

## DISCUSSION

On May 30, 2007, plaintiff filed this action alleging that defendant Mattson, a post-prison supervision officer employed by defendant Multnomah County, disclosed that plaintiff was a confidential informant.  Plaintiff alleges that this disclosure placed him in great danger, and violated his rights secured under the 14th Amendment to the United States Constitution.

On August 27, 2007, Lynn Walsh, plaintiff's counsel, moved to withdraw as attorney of record based upon her inability to locate plaintiff.  In an affidavit submitted in support of the motion, Walsh stated that plaintiff had failed to provide her with a current address, telephone number, or e-mail address, and that she had been unable to initiate contact with plaintiff for more than a month.

2 - FINDINGS AND RECOMMENDATION/ORDER

On August 30, 2007, defendants moved to dismiss pursuant to Fed. R. Civ. P. 41(b) based upon plaintiff's failure to prosecute this action. Defendants note that plaintiff was on post-prison supervision when he commenced this action, and that plaintiff was required to keep his parole officer informed of his residence at all times. Defendants' counsel reports that plaintiff has failed to contact his parole officer since April 2007, and that the Multnomah County Department of Community Justice has had no contact information for plaintiff since this action was filed. Counsel adds that a warrant for plaintiff's arrest has been issued, and that plaintiff has not turned himself in or been taken into custody.

Under Fed. R. Civ. P. 41(b), a defendant may seek dismissal of an action based upon a plaintiff's "failure to prosecute or to comply with" the rules of civil procedure. In determining whether an action should be dismissed for failure to prosecute, district courts consider the public interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the defendants, public policy favoring the disposition of actions upon their merits, and the availability of less drastic alternatives than dismissal. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1998).

3 - FINDINGS AND RECOMMENDATION/ORDER

In the present action, these factors favor dismissing the action for failure to prosecute. Defendants have provided unrebutted evidence that plaintiff has failed to demonstrate his commitment to pursuing this litigation by turning himself in to the authorities and making himself available to be deposed. As defendants correctly note, by remaining at large, plaintiff has impeded the taking of discovery and impeded the progress of this litigation. Plaintiff has not been available for deposition, and the deadline for production of documents responsive to defendants' first request for production expired on August 31, 2007, without production of the materials requested. Plaintiff's absence is preventing this action from proceeding normally, and interferes with the court's ability to manage its docket. Moreover, there appears to be no reasonable alternative to dismissal that could resolve the problems created by plaintiff's absence.

Ms. Walsh's motion to withdraw as plaintiff's counsel is also well taken, because counsel cannot adequately represent plaintiff if she is unable to initiate contact with her client.

## CONCLUSION

Counsel's motion to withdraw (#8) is GRANTED.

4 - FINDINGS AND RECOMMENDATION/ORDER

Defendants' motion to dismiss for failure to prosecute (#10) should be granted, and a judgment should be entered dismissing this action without prejudice.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 2, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 17th day of September, 2007.

>    /s/   John Jelderks
>    John Jelderks
>    U.S. Magistrate Judge